1  William Most (State Bar No. 279100)
2  LAW OFFICE OF WILLIAM MOST
3  637 Kerlerec St.
   New Orleans, LA 70116
4  Phone: 504-509-5023
   Email: williammost@gmail.com
5
6  Jason R. Flanders (State Bar No. 238007)
   Sarah M.K. Hoffman (State Bar No. 308568)
7  AQUA TERRA AERIS LAW GROUP
8  828 San Pablo Ave., Ste. 115B
   Albany, CA 94706
9  Phone: 916-202-3018
   Email: jrf@atalawgroup.com
10 Email: smkh@atalawgroup.com
11
12 *Attorneys for Plaintiffs*

13                     UNITED STATES DISTRICT COURT
14                    NORTHERN DISTRICT OF CALIFORNIA

15

16  SUZANNE-JULIETTE MOBLEY, KAREN        Case No.
    SAVAGE, VICTOR ONUOHA, on behalf of
17  themselves and all others similarly situated,   **COMPLAINT**
                                                    **CLASS ACTION, JURY DEMAND**
18                                                  (Fair Housing Act, 42 U.S.C. § 3601 *et seq.*;
                 Plaintiffs,                        Civil Rights Act of 1964, 42 U.S.C. § 1981 *et*
19                                                  *seq.*)
20  vs.
                                                    Date:
21  FACEBOOK, INC., and DOES 1-9999,               Time:
22                                                  Dept.:
                 Defendants.                        Judge:
23                                                  Trial Date:
24                                                  Action Filed:   November 3, 2016
25

# CLASS ACTION COMPLAINT

Suzanne-Juliette Mobley, Karen Savage, and Victor Onuoha ("Plaintiffs"), by and through their attorneys, on behalf of themselves and on behalf of all others similarly situated, bring this Complaint against Defendants as follows:

## I. INTRODUCTION

1. This is a civil action for declaratory relief, injunctive relief, penalties, and monetary damages under the Fair Housing Act, as amended, (42 U.S.C. §§ 3601 et seq.), and Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e et seq.) to redress discrimination based on race, color, religion, sex, familial status, and national origin.

2. Defendant Facebook is a social-networking site that boasts more than one billion users worldwide, making it the largest online social network in the world. As alleged more fully below, Facebook has operated and is operating an advertising platform ("Ad Platform") that publishes, and causes to be published, discriminatory and illegal housing and employment advertisements. By clicking on a button labeled "Exclude People," ad buyers—here Doe Defendants 1-9,999—can prevent their ads from being displayed to users matching characteristics such as "African American (US)," "Asian American (US)," or "Immigrant."

3. This lawsuit does not seek to end Facebook's Ad Platform, nor even to get rid of the "Exclude People" mechanism. There are legal, desirable uses for such functionalities. Plaintiffs seek to end only the illegal, proscribed uses of these functions.

4. Defendants' conduct should be declared unlawful and enjoined, and appropriate penalties and monetary damages should be awarded.

## II. THE PARTIES

5. Plaintiff Karen Savage is a resident of New York City, New York. She is a reporter and is in the process of getting a degree in journalism from the City University of New York. She is a Facebook user and a single, divorced mother of four children. In the past year, she has undergone a search for housing and a search for employment, and in the course of doing so has looked at Facebook advertisements.

6. Plaintiff Victor Onuoha is a resident of Gretna, Louisiana. He is an African-American mental health counselor. In the past year he has undergone a search for housing and a search for employment, and in the course of doing so has looked at Facebook advertisements.

ATA Law Group
828 San Pablo Ave.
Ste. 115B
Albany, CA 94706
916-202-3018

1

Class Action Complaint Against Facebook and Doe Defendants 1 to 9,999

7. Plaintiff Suzanne-Juliette Mobley is a resident of New Orleans, Orleans. She is African-American and a Community Engagement Manager. She is a divorced mother of one child. In the past year, she has undergone a search for housing and a search for employment, and in the course of doing so has looked at Facebook advertisements.

8. Defendant Facebook, Inc. ("Facebook") is an American corporation, headquartered at 1601 Willow Road, Menlo Park, California, 94025, incorporated under the laws of the State of Delaware, with California registered agent for service of process of Corporation Service Company—d/b/a CSC – Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California, 95833. Facebook owns and operates an online social networking website that allows its users to communicate with each other through the sharing of text, photograph, and video. Part of Facebook's website is an Ad Platform that allows users to pay money to have Facebook display advertisements to other users.

9. Doe Defendants 1 to 9,999 are entities that have used Facebook's Ad Platform to illegally discriminate on the basis of race, color, religion, sex, familial status, or national origin, with advertisements for employment or housing.

## III. JURISDICTION AND VENUE

10. Pursuant to 28 U.S.C. §§ 1331 and 1345, 42 U.S.C. §§ 1983, 1988, and 3613(a), this Court has original subject matter jurisdiction over the claims of Plaintiffs and the Class that arise under the Fair Housing Act, and Civil Rights Act of 1964.

11. Further, this Court has subject matter jurisdiction over this putative nationwide class action pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"), because the matter in controversy exceeds $5,000,000.00, exclusive of interest and costs, and is a class action in which some members of the Class are citizens of states different than Defendant. *See* 28 U.S.C. § 1332(d)(2)(A). Therefore, both elements of diversity jurisdiction under CAFA are present, and this Court has jurisdiction.

12. This Court has personal jurisdiction over Facebook because Facebook owns and operates a business that is headquartered in California, and because it conducts substantial business throughout California.

13. Venue properly lies in this district pursuant to 28 U.S.C. § 1391(b)(1), as Facebook is headquartered in this district.

14. Venue is also proper in this district pursuant to Facebook's Statement of Rights and Responsibilities, which governs the agreement between Plaintiffs and Facebook and which states in

ATA Law Group
828 San Pablo Ave.
Ste. 115B
Albany, CA 94706
916-202-3018

pertinent part that Plaintiffs "will resolve any claim, cause of action or dispute (claim) . . . relating to . . . Facebook exclusively in a state or federal court located in Santa Clara County."

## IV.  LEGAL BACKGROUND

### A. Fair Housing Act

15.  The Fair Housing Act, 42. U.S.C. 3601 *et seq.*, declares that "[i]t is the policy of the United States to provide, within constitutional limitations, for fair housing throughout the United States."

16.  To this end, among other prohibitions, the Fair Housing Act provides that "it shall be unlawful . . . (c) To make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, . . . familial status, or national origin, or an intention to make any such preference, limitation, or discrimination."

17.  The Fair Housing Act is a "broad remedial statute" that courts "generously construe." *City of Edmonds v. Wash. St. Bldg. Code Council,* 18 F.3d 802, 804 (9th Cir. 1994).

### B. Title VII of the Civil Rights Act of 1964

18.  Title VII of the Civil Rights Act of 1964 provides that:

   a. "It shall be an unlawful employment practice for an employer— (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

   b. "It shall be an unlawful employment practice for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin, or to classify or refer for employment any individual on the basis of his race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(b).

   c. "Except as otherwise provided in this subchapter, an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or

ATA Law Group
828 San Pablo Ave.
Ste. 115B
Albany, CA 94706
916-202-3018

national origin was a motivating factor for any employment practice, even though other factors also motivated the practice." 42 U.S.C. § 2000e-2(m); and,

    d. "It shall be an unlawful employment practice for an employer, labor organization, employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to print or publish or cause to be printed or published any notice or advertisement relating to employment by such an employer or membership in or any classification or referral for employment by such a labor organization, or relating to any classification or referral for employment by such an employment agency, or relating to admission to, or employment in, any program established to provide apprenticeship or other training by such a joint labor-management committee, indicating any preference, limitation, specification, or discrimination, based on race, color, religion, sex, or national origin, except that such a notice or advertisement may indicate a preference, limitation, specification, or discrimination based on religion, sex, or national origin when religion, sex, or national origin is a bona fide occupational qualification for employment." 42 U.S.C. § 2000e-3(b).

## V. FACTUAL BACKGROUND

### A. Facebook's Advertising Platform

19. Facebook generates the majority of its revenue through the sale of advertising to organizations and individuals. In the second quarter of 2016 alone, Facebook generated $6.239 billion in advertising revenue.

20. As set out in more detail below, Facebook's advertising platform allows advertisers to target and exclude specific Facebook users to see their advertisements. This targeting and exclusion is based on Facebook users' "affinity" groups, which Facebook uses to identify a person's ethnic, gender and other affinities based on their Facebook activity. A user's affinity may be determined by their Facebook profile and interactions with organizations and other users on Facebook.

21. Based on a user's affinity groups, Facebook builds a profile of that user that is then used to determine, among other things, the advertisements the user is exposed to.

22. Facebook describes "affinity" as: "a relationship like a marriage, as a natural liking, and as a similarity of characteristics. We are using the term "Multicultural Affinity" to describe the quality of people who are *interested in and likely to respond well* to multicultural content. What we are referring to in these affinity groups is not their genetic makeup, but their affinity to the cultures they are interested in. The Facebook multicultural targeting solution is based on affinity, not ethnicity. This

ATA Law Group
828 San Pablo Ave.
Ste. 115B
Albany, CA 94706
916-202-3018

provides advertisers with an opportunity to serve highly relevant ad content to affinity-based audiences."

23. Affinity groups act as a proxy for characteristics such as a user's race, gender, family status and national origin. Many of them are specifically classified as "demographics" and track traditionally protected groupings (*e.g.*, "African American (US)" and "Asian American (US).")

**B.   Facebook's Advertising Platform Enables Illegal Discrimination**

24. Facebook's Ad Platform (found at https://www.facebook.com/business) allows for illegal discrimination in two steps.

25. First, Facebook's Ad Platform allows ad buyers to target their ads to specific users seeking employment or housing. (*See* Figure 1.) Targeting can be done by "demographic," "interest," or "behavior." For example, the Ad Platform allows targeting of an ad to the demographic "Renters", or to users who have expressed an interest in or like pages related to "*Buying a House*," "*Job interview*," or "*Job hunting*."



*Figure 1*. This screenshot shows options from the Facebook Ad Platform's drop-down menus, allowing illegal discrimination. (Source: ProPublica.)

26. Second, it allows ad buyers to click a button labeled "Exclude People" to prevent the ad being shown to certain sets of users, (*see* Figure 1) including users protected by the Fair Housing Act and Title VII of the Civil Rights Act of 1964 (*see* Figure 2). As Facebook's Advertiser Help Center explains,[1] the platform "offers advanced features like the ability to exclude certain characteristics from your target audience."

27. Among the "characteristics" that can be excluded are "African American (US)," "Asian American (US)," and four categories of "Hispanic (US)." The platform also allows exclusion or targeting based on familial status, by excluding demographics: "Divorced," "Parents (All)," and "Expectant parents." It also allows exclusion based on sex by allowing exclusion of "Moms." It allows exclusion based on religion by excluding users who are part of the interest categories of "Christian,"

---

[1] htttps://www.facebook.com/business/help/182371508761821

ATA Law Group
828 San Pablo Ave.
Ste. 115B
Albany, CA 94706
916-202-3018

5

Class Action Complaint Against Facebook and Doe Defendants 1 to 9,999

"Muslim," or "Sunni Islam." And it allows exclusion based on national origin by allowing exclusion based on "Expat (All)," which is defined by Facebook as "People whose original country of residence is different from the current country/countries selected above."

28. There is no option in Facebook's platform to exclude the "demographic" of White or Caucasian Americans from the target audience.

29. Table 1, below, is a non-exclusive list of the characteristics on Facebook's ad platform that can be targeted to tailor an advertisement for housing and employment.

**Table 1:** **Characteristics That Can Be Targeted So Ads to be Tailored to Housing and Employment** [2]

| Housing | Employment |
|---|---|
| Renters | Job seeking |
| First time homebuyer | Currently seeking employment |
| Likely to move | *Job interview* |
| *apartment finder* | *Job hunting* |
| *New mover* | *Looking for a New Job* |
| *$8,000 Home Buyer Tax Credit* | *Unemployed Looking for work* |

30. Table 2 is a non-exclusive list of the characteristics that can be excluded under the platform, allowing discrimination against members of protected categories.

---

[2] Categories Facebook identifies as "Demographic" are unitalicized. Categories Facebook identifies as "Interests" and "Behaviors" are italicized.

6
Class Action Complaint Against Facebook and Doe Defendants 1 to 9,999

ATA Law Group
828 San Pablo Ave.
Ste. 115B
Albany, CA 94706
916-202-3018

**Table 2:** **Characteristics That Can Be Excluded, Allowing Discrimination Against the Protected Categories of Race, Color, Religion, Sex, Familial Status, and National Origin**

| Race/Color | Sex | Familial Status | Religion | National Origin |
|---|---|---|---|---|
| African American (US) | Working Women | Family-based Households | *Christian* | *Expats (All)*[3] |
| Asian American (US) | Moms | New parents | *Christianity* | *Non-resident Indian and person of Indian origin* |
| Hispanic (US - All) | Big-city moms | Housemate-based Households | *Catholicism* | *Immigrant* |
| Hispanic (US - Bilingual) | Corporate moms | Civil Union | *Mainline Protestant* | *Expats (Mexico)*[4] |
| Hispanic (US - English dominant) | Fit moms | Divorced | *Jewish culture* | *Expats (Pakistan)* |
| Hispanic (US - Spanish dominant) | Green moms | Domestic Partnership | *Jews for Judaism* | *Expats (Philippines)* |
| *African-American hair* | Moms of grade school kids | Engaged | *Islam* | *Expats (Indonesia)* |
| *African-American Conservatives* | Moms of high school kids | Married | *Sunni Islam* | *Expats (India)* |
| *African-American Conservatives* | Moms of preschool kids | Single | *Shia Islam* | *Expats (Ghana)* |
| *Indigenous peoples* | New Moms | Widowed | *Hinduism* | *Expats (Japan)* |
| *Being Latino* | Soccer moms | Parents | *Buddhism* | *Expats (Dominican Republic)* |
| *Being Indian* | Stay-at-home moms | Expectant parents | *Shinto* | *Expats (Senegal)* |

31. The content Facebook users see on their Facebook newsfeed is individualized based on their user profile, including any affinity group Facebook has labeled them with. Any user that is excluded from an advertisement based on one of the above affinity groups will not see the excluded advertisement on their Facebook page.

32. There is no mechanism to prevent ad buyers from purchasing ads related to employment/housing and then excluding based on these illegal characteristics. For example,

---

[3] "Expats (All)" has the description: "People whose original country of residence is different from the current country/countries selected above."

[4] "Expats (Mexico)" has the description: "People from Mexico living abroad." All the other "Expats" follow this formula.

ATA Law Group
828 San Pablo Ave.
Ste. 115B
Albany, CA 94706
916-202-3018

journalists Julia Angwin and Terry Parris Jr. of ProPublic purchased an advertisement targeted to Facebook members who were house hunting and excluded anyone with an African-American, Asian-American or Hispanic "affinity." The advertisement was approved by Facebook fifteen minutes after they placed the order.

33. Facebook has publically committed to removing "an ad from our platform if the government agency responsible for enforcing discrimination laws tells us that the ad reflects illegal discrimination." But no user can tell whether they are subject to illegal discrimination, because the discrimination occurs with the ads they *do not* see. As a result, the problem will not be remedied unless Facebook is forced to take additional action.

34. This lawsuit does not seek to end Facebook's Ad Platform, nor even to get rid of the "Exclude People" mechanism. There are legal, desirable uses for such functionalities. Plaintiffs seek only to end the illegal, proscribed uses of these functions.

## CLASS ALLEGATIONS

35. Plaintiffs bring this nationwide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf of all members of the following Class:

> All natural person Facebook users located within the United States who have not seen an employment- or housing-related advertisement on Facebook within the last two years because the ad's buyer used the Ad Platform's "Exclude People" functionality to exclude the class member based on race, color, religion, sex, familial status, or national origin.

36. Not included in the Class are the following individuals and/or entities: Facebook and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Facebook has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; any and all federal, state or local governments, including but not limited to their departments, agencies, divisions, bureaus, boards, sections, groups, counsels and/or subdivisions; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

37. Plaintiffs reserve the right to modify or amend the definition of the proposed Class before the Court determines whether certification is appropriate.

8
Class Action Complaint Against Facebook and Doe Defendants 1 to 9,999

ATA Law Group
828 San Pablo Ave.
Ste. 115B
Albany, CA 94706
916-202-3018

38. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, there are more than 156 million Facebook account holders in the United States. The number of separate individuals who are members of a protected class and used Facebook within two years before the filing of this action is likely in the millions, and is identifiable and ascertainable based on Facebook's records.

39. There are questions of law or fact common to the Class. These questions include, but are not limited to, the following:

   a. Whether Facebook has caused to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling or employment that indicates any preference, limitation, or discrimination based on race, color, religion, family status, or national origin.

   b. Whether Doe Defendants have caused to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling or employment that indicates any preference, limitation, or discrimination based on race, color, religion, family status, or national origin.

   c. The amount of statutory damages that should be levied against Facebook and Doe Defendants;

   d. Whether injunctive and/or declaratory relief against Facebook and Doe Defendants should be awarded;

   e. Whether Facebook and Doe Defendants' conduct was unlawful; and

   f. Whether Plaintiffs and Class Members are entitled to restitution.

40. Plaintiffs' claims are typical of the claims of the Class in that Plaintiffs and the Class used Facebook. Each of the Class Members was shown ads on Facebook that depended on the choices the ad buyers made through the Ad Platform, including whether the ad buyer chose to use the "Exclude People" button. Facebook and Doe Defendants further used or endeavored to use the contents of Plaintiffs' and Class Members' profile information and Facebook activity to generate ad preferences for Plaintiffs and identify Plaintiffs with particular affiliate groups. Plaintiffs and Class Members are entitled to declaratory relief, penalties, statutory damages, restitution, and injunctive relief as a result of the conduct complained of herein. Moreover, upon information and belief, the

conduct complained of herein is systemic.  Thus, the representative Plaintiffs, like all other Class Members, face substantial risk of the same injury in the future.  The factual basis of Facebook and Doe Defendants' conduct is common to all Class Members, and represents a common thread of conduct resulting in injury to all members of the Class.

41. Plaintiffs will fairly and adequately protect the interests of the Class.  Plaintiffs' interests do not conflict with the interests of the Class Members.  Furthermore, Plaintiffs have retained competent counsel experienced in federal and civil rights litigation.  Plaintiffs' counsel will fairly and adequately protect and represent the interests of the Class.  Fed. R. Civ. P. 23(a)(4) and 23(g) are satisfied.

42. Plaintiffs assert that pursuant to Fed. R. Civ. P. 23(b)(3), questions of law or fact common to the Class Members predominate over any questions affecting only individual members.

43. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Arguably no Class Member could afford to seek legal redress individually for the claims alleged herein.  Therefore, absent a class action, the Class Members will continue to suffer losses and Defendants' misconduct will proceed without remedy.

44. Even if Class Members themselves could afford such individual litigation, the court system could not.  Given the complex legal and factual issues involved, and considering that the Class could number in the tens of millions or greater, individualized litigation would significantly increase the delay and expense to all parties and to the Court.  Individualized litigation would also create the potential for inconsistent or contradictory rulings.  By contrast, a class action presents far fewer management difficulties, allows claims to be heard which may otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale and comprehensive supervision by a single court.

45. The prosecution of individual actions by Class members would establish inconsistent standards of conduct for Defendants.

46. Defendants have acted in ways generally applicable to the Class, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to members of the Class as a whole.

47. The names and addresses of the Plaintiff putative class members are available from Facebook. To the extent required by law, notice will be provided to the prospective class members via first class mail and/or by use of techniques in a form of notice that has been used customarily in collective actions, subject to court approval.

48. Defendants' conduct as described above is unlawful, is capable of repetition, and will continue unless restrained and enjoined by the Court. The problem has been brought to Facebook's attention by the press, and they have shown no indication of intent to change the functionality of the Ad Platform.

49. In the event that Class Members are not eligible for class certification under the federal rules, they request class certification under California law.

## CAUSES OF ACTION
## COUNT ONE
### (Violations of the Fair Housing Act)

50. This claim incorporates all of the above.

51. Plaintiffs and Class Members are members of groups protected by the Fair Housing Act.

52. Through its Ad Platform's "Exclude People" function, Defendant Facebook has made, printed, published, and caused to be published, advertisements with respect to sale or rental of dwellings that indicate preference and discrimination based on race, color, religion, sex, familial status, and national origin.

53. Through the Ad Platform, ad buyer Doe Defendants have made, printed, published, and caused to be published, advertisements with respect to sale or rental of dwellings that indicate preference and discrimination based on race, color, religion, sex, familial status, and national origin.

54. Through the functioning of and publication upon Facebook's Ad Platform, these discriminatory advertisements have been withheld from Plaintiffs and Class Members based on discriminatory selections under "Exclude People" by Doe Defendants. As a result, Plaintiffs and Class

ATA Law Group
828 San Pablo Ave.
Ste. 115B
Albany, CA 94706
916-202-3018

Members were harmed by not having the same opportunities for housing as Facebook users who were not discriminated against.

## COUNT TWO
### (Violations of Title VII of the Civil Rights Act of 1964)

55. This claim incorporates all of the above.

56. Plaintiffs and Class Members are members of groups protected by Title VII of the Civil Rights Act of 1964.

57. Through its Ad Platform's "Exclude People" function, Defendant Facebook has made, printed, published, and caused to be published, advertisements with respect to employment that indicate preference and discrimination based on race, color, religion, sex, and national origin.

58. Through the Ad Platform, ad buyer Doe Defendants have made, printed, published, and caused to be published, advertisements with respect to employment that indicate preference and discrimination based on race, color, religion, sex, and national origin.

59. Through the functioning of, and publication upon, Facebook's Ad Platform, these discriminatory advertisements have been withheld from Plaintiffs and Class Members based on discriminatory selections under "Exclude People" by Doe Defendants.

60. As a result, Plaintiffs and Class Members were harmed by not having the same opportunities for employment as Facebook users who were not discriminated against.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs, individually and on behalf of the Class they seek to represent, demand a jury on any issue so triable of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all Class Members, request judgment be entered against Defendants and that the Court grant the following:

1. An order determining that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, that Plaintiffs are proper class representatives, that Plaintiffs' attorneys be appointed Class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and that Class notice be promptly issued (or under California law in the alternative);

Class Action Complaint Against Facebook and Doe Defendants 1 to 9,999

ATA Law Group
828 San Pablo Ave.
Ste. 115B
Albany, CA 94706
916-202-3018

2. Judgment against Defendants for Plaintiffs' and Class Members' asserted causes of action;

3. Appropriate declaratory relief against Defendants;

4. Preliminary and permanent injunctive relief against Defendants;

5. An award of statutory damages to Plaintiffs and Class Members;

6. An award of civil penalties against Defendants;

7. An award of reasonable attorneys' fees and other litigation costs reasonably incurred; and

8. Any and all relief to which Plaintiffs and the Class may be entitled.

Respectfully Submitted,

LAW OFFICE OF WILLIAM MOST

/s/ William Most_____
William Most (State Bar No. 279100)
Counsel for Plaintiffs Suzanne-Juliette Mobley, Karen Savage, and Victor Onuoha

AQUA TERRA AERIS LAW GROUP

/s/ Jason R. Flanders_____
Jason R. Flanders (State Bar No. 238007)
Counsel for Plaintiffs Suzanne-Juliette Mobley, Karen Savage, and Victor Onuoha

ATA Law Group
828 San Pablo Ave.
Ste. 115B
Albany, CA 94706
916-202-3018