March 24, 2017

Hon. Susan van Keulen
U.S. District Court, Northern District of California
Robert F. Peckham Federal Building
280 South 1st Street
San Jose, CA 95113

RE:  *Onuoha v. Facebook, Inc.*, Case No. 16-cv-06440-EJD

Dear Judge van Keulen,

In accordance with the Court's Standing Order on discovery disputes, the parties respectfully submit this joint letter.  The parties request guidance on whether discovery should be stayed pending resolution of Facebook's forthcoming motion to dismiss (due to be filed no later than April 3, 2017 and set for hearing on June 1, 2017).  Facebook's motion will assert that it has immunity from Plaintiffs' claims under the Communications Decency Act ("CDA"), 47 U.S.C. § 230(c)(1) (the "CDA Motion").  Plaintiffs will argue that CDA immunity does not apply because Facebook solely or partially creates or develops the allegedly illicit content.

On November 3, 2016, Plaintiffs filed this action, ECF No 1, and on February 13, 2017, filed a First Amended Complaint ("FAC"), ECF No. 28.  On February 23, 2017, the parties submitted their Rule 26(f) Report.  ECF No. 30.  In the report, Facebook stated its view that "all discovery should be stayed . . . before the Court rules on Facebook's anticipated motion to dismiss the FAC," because it intends to file the CDA Motion.  *Id.* at 12:20-21.  Plaintiffs stated their view that discovery should focus initially on the CDA issues.  *Id.* at 10:24-25.  On February 28, 2017, Judge Davila set June 1 as the hearing date for the CDA Motion and continued the CMC to July 13.  ECF No. 31.  Judge Davila stated that the court would not stay discovery "based solely on statements made in a case management statement," that "the parties shall exchange disclosures and shall participate in discovery unless and until the court orders otherwise," and that "[a]ny disputes with respect to discovery or disclosures, including any request to compel the production of disclosures, are REFERRED to the assigned magistrate judge."  ECF No. 31 at 1:17-20.  On March 8, 2017, Plaintiffs served their First Set of Interrogatories and First Set of Requests for Production of Documents.  Exs. A & B.  Facebook argues that all discovery should be stayed until its CDA Motion is resolved.

**Plaintiffs' Statement**

In this proposed class action, Plaintiffs allege that Facebook has engaged in a pattern or practice of discrimination against African Americans, Latinos, and Asian Americans by segregating which Facebook users receive advertisements ("ads") and recruitment for employment, housing, and credit opportunities. Plaintiffs allege that Facebook alone labels each user with a race or ethnicity (which Facebook calls "ethnic affinity") by monitoring and analyzing users' online activity, and Facebook allows and encourages advertisers to apply Facebook's race and ethnicity labels in targeting advertisements for employment, housing, and credit opportunities to particular individuals, using its proprietary ad platform.  ECF No. 28 (FAC) ¶¶ 3-4, 12-17, 30-41, 47-58.  Plaintiffs also allege that Facebook monitors its users'

locations, and enables and encourages advertisers to target ads to very specific areas (*e.g.*, one zip code), which has an unlawful disparate impact. *Id.* ¶¶ 42-58.

Consistent with the order directing that "the parties shall exchange disclosures and shall participate in discovery," ECF No. 31 at 1:17, Plaintiffs have served some discovery requests, emphasizing in meet and confer meetings that they wish to focus on a subset of the requests relevant to the CDA defense. Specifically, Plaintiffs seek information on (a) how Facebook's ad platform generally works and allows for filtering of users to receive ads (Rog. 1-2; RFP 1-2), (b) how Facebook determines users' "ethnic affinity" (Rog. 3; RFP 3) and location (Rog. 5; RFP 5), (c) how Facebook gives racial/location data to advertisers (Rog. 2-3, 5; RFP 2-3, 5), (d) examples of ads targeting users based on racial/location filters (Rog. 7-8; RFP No. 7-8), and (e) Facebook's process for approving or blocking ads that apply such filters (Rog. 15; RFP 16).

Plaintiffs' limited requests are proper now, and there is no basis to stay discovery. The Ninth Circuit has held discovery may only be stayed when a court "is convinced that plaintiff will be unable to state a claim for relief," *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (internal quotation marks omitted), though it "has not announced a clear standard." *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 10 Civ. 02630, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011). Thus, to stay discovery courts require a movant to meet two requirements: (a) "the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed," and (b) "the court must determine whether the pending, potentially dispositive motion can be decided absent additional discovery." *Id.* Facebook cannot satisfy this standard for a stay pending a motion to dismiss, because (1) it has not filed a motion, (2) the CDA defense will not likely be dispositive, and (3) the defense is unlikely to succeed.

First, a stay is not proper where a motion to dismiss has not yet been filed, as the lack of a *pending* motion makes it impossible to assess its dispositiveness or the need for discovery. *Del Vecchio v. Amazon.com*, No. 11 Civ. 0366, 2011 WL 1585623, at *1 (W.D. Wash. Apr. 27, 2011) ("[D]efendant has not yet filed its dispositive motion. Without the benefit of that motion, the Court cannot evaluate its likelihood of success."); *Baker v. Ark. Blue Cross*, No. C-08-03974, 2009 WL 904150, at *1 (N.D. Cal. Mar. 31, 2009) (stay improper with "no motions [] pending").

Second, Facebook cannot show that its anticipated motion will be "dispositive of the entire case" (or even all CDA issues). *Mlejnecky*, 2011 WL 489743, at *6. As the Ninth Circuit's seminal case illustrates, CDA immunity is not an all or nothing issue. *Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1162-69, 1173-75 (9th Cir. 2008) (en banc) (holding site had no immunity for asking customers to identify sex and other statuses or for creating a search engine with discriminatory filters, but was immune from users' free-form submissions in "Additional Comments" fields in their profiles). Where, as here, plaintiffs challenge multiple types of content or actions, a defendant may be immune for "some of the content it displays to the public but be subject to liability for other content." *Id.* at 1163. Because Plaintiffs challenge several types of content and actions of Facebook, it is very difficult to say that the Court will definitely rule the same way on *all* aspects of Facebook's CDA Motion.

Third, Facebook cannot show that the Court can grant its motion without the need for discovery. CDA immunity turns on the fact-intensive inquiry of whether a defendant "creat[es]

or develop[s] . . . in whole or in part," the internet content. *Id.* at 1162 (quoting 47 U.S.C. § 230(f)(3)). Here, Plaintiffs allege – and seek discovery to show with greater specificity – that Facebook "creat[es]" and "develop[s]" the content underlying its alleged liability. *Id.* Facebook users do not create or identify their own "ethnic affinity"; rather, Facebook crafts the race and ethnicity labels, as Facebook alone "designates its users as having a particular racial or Demographics-Ethnic Identity," based on each "user's online activity" that Facebook *itself* analyzes. FAC ¶ 39; *see, e.g.*, *Fraley v. Facebook, Inc.*, 830 F. Supp. 2d 785, 801-02 (N.D. Cal. 2011) (rejecting CDA immunity for "new content" that Facebook "create[d]" and "publishe[d]"). Facebook's role in creating the race and ethnicity label it assigns to each user is significantly greater than Roommates' role in merely asking users to state their sex and other statuses – but the Ninth Circuit held that even that level of involvement was sufficient to eliminate CDA immunity. *Roommates*, 521 F.3d at 1164-65. Likewise, just as Roommates lacked immunity for "the operation of its search system, which filter[ed] listings . . . according to discriminatory criteria," *id.* at 1167, Facebook too will lack immunity for claims challenging the ad platform it developed to allow advertisers to filter out and exclude users based on the race or ethnicity labels and location markers. FAC ¶ 62. Facebook cannot avail itself of CDA immunity based on the FAC's allegations; limited discovery will permit Plaintiffs to confirm these allegations or move forward in revising them to conform to the factual record.

Because of these realities, there is no bright line rule that all discovery should be stayed pending a motion to dismiss on CDA grounds. Courts have rejected "a one-size-fits all rule for when to apply the CDA. In some cases the applicability of the CDA is apparent from the face of the complaint; in others, it is not." *Opperman v. Path, Inc.*, 87 F. Supp. 3d 1018, 1044 (N.D. Cal. 2014) (quotations omitted). *Roommates* illustrates the importance of a factual record in adjudicating a CDA defense—there, the district court decided CDA immunity at summary judgment only after substantial CDA discovery. 521 F.3d at 1161 n.1. In rejecting immunity, the Ninth Circuit had a well-developed record on how the relevant website worked, including many examples of the challenged content. *Id.* at 1161-62. Other courts have approached this issue similarly, allowing CDA-focused discovery before deciding a CDA defense. *See Jones v. Dirty World Entm't Recordings LLC*, 755 F.3d 398, 405 (6th Cir. 2014) (noting district court allowed discovery before it would decide CDA issue on summary judgment); *Ben Ezra v. America Online Inc.*, 206 F.3d 980, 983-84 (10th Cir. 2000) (deciding CDA issue on summary judgment after "magistrate judge allowed Plaintiff to serve twenty-five interrogatories and take four depositions" on CDA issues and refused "to stay discovery"). As in these cases, a detailed record of how Facebook creates and develops the challenged content will be critical to adjudicating the potential CDA defense. Moreover, "plaintiffs could suffer prejudice by a potentially lengthy discovery stay, in part because they seek to enjoin on-going allegedly wrongful conduct." *Del Vecchio*, 2011 WL 1585623, at *1.

## Facebook's Statement

Plaintiffs' basic theory, which they have articulated in detail in two lengthy complaints now, is that Facebook improperly allowed third-party advertisers to target their ads to certain groups of Facebook users. But Plaintiffs do not dispute that third-party advertisers are solely responsible both for the content of their ads and for the decision about whether and how to use the neutral ad-targeting tools provided by Facebook—entitling Facebook to CDA immunity. While Judge Davila will resolve the CDA issue in ruling on Facebook's motion to dismiss, it is

inappropriate for discovery to commence until he does so. As courts consistently have held, allowing discovery to go forward in the face of a motion to dismiss asserting CDA immunity contravenes Congress's clear intent in enacting Section 230 of shielding websites from having to fight costly and protracted legal battles based on their publication of third-party content.

At the outset, Plaintiffs mistakenly suggest (*supra* at 2) that the Court's February 28 order continuing the case management conference counsels against a discovery stay. Not so. Facebook did not ask the Court to stay discovery, nor would it be expected to do so in an order continuing the case management conference. Rather, the Court simply noted that it would not stay discovery "based solely on statements made in a case management statement." ECF No. 31 at 1:15-17. The Court stated that "the parties shall . . . engage in discovery *unless and until the court orders otherwise*," and referred discovery disputes to Your Honor. *Id.* at 1:17-20 (emphasis added). Plaintiffs omit the key italicized phrase. This letter brief is the proper avenue for resolving the parties' dispute over a discovery stay.

On the merits, Plaintiffs' argument is an improper attempt to pre-judge the outcome of Facebook's motion to dismiss. Indeed, *none* of the CDA cases Plaintiffs cite authorize discovery on CDA issues, or any other issues, *before* the court ruled on a defendant's motion to dismiss. The court should consider CDA immunity before permitting costly and burdensome discovery.

***Courts consistently stay discovery pending a motion to dismiss based on CDA immunity given the statute's purpose of protecting websites from the costs of litigation.*** Plaintiffs ignore the Ninth Circuit's instruction that courts should "keep firmly in mind that [the CDA] is an immunity statute" designed "to protect websites not merely from ultimate liability, but from having to fight costly and protracted legal battles." *Fair Hous. Council v. Roommates.com*, 521 F.3d 1157, 1174-1175 (9th Cir. 2008) (en banc). Congress had good reason for creating this rule: subjecting defendants to the burdens of litigation and discovery would defeat the important policies underlying Section 230, particularly the "unfettered … development of free speech on the Internet." *Batzel v. Smith*, 333 F.3d 1018, 1027-28 (9th Cir. 2003). Thus, "[s]ection 230 immunity, like other forms of immunity, is generally accorded effect at the first logical point in the litigation process." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 254 (4th Cir. 2009). As the Supreme Court has held in the analogous qualified immunity context, "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

For these reasons, courts—including in this District—consistently stay discovery pending the resolution of a dispositive motion on the pleadings under Section 230. In *Fields v. Twitter, Inc.*, No. 3:16-cv-00213-WHO, Dkt. No. 28 (N.D. Cal. Apr. 7, 2016), after receiving briefing on the issue, Judge Orrick "agree[d] with defendant that a discovery stay is appropriate" pending resolution of motion to dismiss based on CDA immunity. The court did the same in *Gonzalez v. Twitter, Inc.*, No. 4:16-cv-03282-DMR, Dkt. No. 47 (N.D. Cal. Sept. 21, 2016), staying discovery pending resolution of CDA defense. Numerous other cases are to the same effect. *See, e.g.*, *Universal Commc'n Sys. v. Lycos, Inc.*, 478 F.3d 413, 425 (1st Cir. 2007) (affirming stay of all discovery); *Ben Ezra, Weinstein, & Co. v. Am. Online, Inc.*, No. 97-485, 1998 WL 896459, at *2-3 (D.N.M. Feb. 3, 1999) (CDA is a "congressionally mandated special immunity" that "free[s]" online service providers "from the burdens of discovery"), *aff'd* 206 F.3d 980, 987

(10th Cir. 2000); *Doe v. Bates*, No. 5:05-cv-91-DF-CMC, 2006 WL 3813758, at *10 (E.D. Tex. Dec. 27, 2006) ( "fundamental purpose[] of [CDA] immunity" is to "insulate service providers … from the burdens of litigation, including those associated with discovery").

### *Discovery is unnecessary for the Court to resolve Facebook's motion to dismiss.*

Plaintiffs claim that discovery is necessary because determining the applicability of CDA immunity is a "fact-intensive inquiry" that requires a "factual record." *Supra* at 3-4. Not so. In keeping with the principle discussed above that the CDA protects against not just liability but the burdens of litigation, courts (including in the Ninth Circuit and this District) consistently resolve CDA cases on the pleadings. *See, e.g.*, *Kimzey v. Yelp! Inc.*, 836 F.3d 1263, 1266 (9th Cir. 2016) (affirming district court's grant of motion to dismiss based on CDA immunity); *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1105-06 (9th Cir. 2009); *Doe v. MySpace, Inc.*, 528 F.3d 413, 418-20 (5th Cir. 2008); *Caraccioli v. Facebook, Inc.*, 167 F. Supp. 3d 1056, 1066 (N.D. Cal. 2016); *Goddard v. Google, Inc.*, 640 F. Supp. 2d 1193, 1202 (N.D. Cal. 2009); *Fields v. Twitter, Inc.*, ___ F. Supp. 3d ___, 2016 WL 6822065, at *12 (N.D. Cal. Nov. 18, 2016). Indeed, Judge Orrick ultimately granted Twitter's motion to dismiss in *Fields* after staying discovery (*see supra* at 6)—highlighting what a waste of time and resources it would have been to go forward with discovery in that case, given the fatal defects in Plaintiffs' underlying legal theory.

The same is true here: Facebook's claim to Section 230 immunity should be resolved before Facebook is forced to incur the burdens of discovery. Plaintiffs have filed two complaints containing detailed factual allegations about the operation of Facebook's Ad Platform. The operative FAC is *55* pages long and includes dozens of paragraphs alleging detailed facts about how Facebook's Ad Platform works. *See* FAC ¶¶ 12-17, 29-58. Plaintiffs' contention that they need discovery to "confirm" allegations that must be taken as true at this stage (*supra* at 3-4) is totally without merit. As the Ninth Circuit has held, the "purpose of F. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

Plaintiffs also argue that a discovery stay is unwarranted because they believe Facebook's motion to dismiss will be denied. That argument puts the cart before the horse, and (as noted above) improperly seeks to pre-judge the outcome of Facebook's motion. Plaintiffs cite cases suggesting that discovery ordinarily will not be stayed if a motion to dismiss is unlikely to prevail, but those cases did not involve CDA immunity and did not implicate the important policy considerations behind resolving that issue on the pleadings and without any discovery. And while Your Honor need not consider the merits of Facebook's motion, Facebook's motion is likely to succeed, not fail. Stripping away Plaintiffs' legal conclusions, the properly pleaded factual allegations of the FAC show that all decisions about the ads at issue, including whether and how to target them, are made solely by advertisers, not by Facebook—thus entitling Facebook to CDA immunity. Other courts have rejected conclusory allegations, similar to Plaintiffs' allegations here, that defendants somehow helped to create the content at issue. *See, e.g.*, *Kimzey*, 836 F.3d at 1268 (holding that "threadbare allegations" that website contributed to authorship of content was insufficient to survive motion to dismiss; "Kimzey's effort to circumvent the CDA's protections through creative pleading fails"); *Goddard*, 640 F. Supp. 2d at 1196 ("Plaintiff has not come close to substantiating the 'labels and conclusions' by which she attempts to evade the reach of the CDA.") The same result can be expected here.

Respectfully submitted,

By: ___/s/ Jahan C. Sagafi_____
Jahan C. Sagafi (SBN 224887)
OUTTEN & GOLDEN LLP
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
E-mail: jsagafi@outtengolden.com

Adam T. Klein (admitted *pro hac vice*)
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
E-mail: atk@outtengolden.com

P. David Lopez (admitted *pro hac vice*)
Peter Romer-Friedman (admitted *pro hac vice*)
OUTTEN & GOLDEN LLP
601 Massachusetts Ave. NW, Second Floor West
Washington, D.C. 20001
Telephone:      (202) 847-4400
Facsimile:      (646) 952-9114
E-mail: pdl@outtengolden.com
E-mail: prf@outtengolden.com

William Most (SBN 279100)
LAW OFFICE OF WILLIAM MOST
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
Telephone:      (504) 509-5023
Email: williammost@gmail.com

Jason R. Flanders (SBN 238007)
Sarah M.K. Hoffman (SBN 308568)
AQUA TERRA AERIS LAW GROUP
828 San Pablo Ave., Ste. 115B
Albany, CA 94706
Telephone:      (916) 202-3018
E-mail: jrf@atalawgroup.com
E-mail: smkh@atalawgroup.com

*Attorneys for Plaintiffs and Proposed Class Members*

Respectfully submitted,

By: ___/s/ Rosemarie T. Ring_____
ROSEMARIE T. RING (SBN 220769)
Rose.ring@mto.com
JONATHAN H. BLAVIN (SBN 230269)
Jonathan.blavin@mto.com
JOSHUA PATASHNIK (SBN 295120)
Josh.patashnik@mto.com
ELIZABETH A. KIM (SBN 295277)
elizabeth.kim@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, CA 94105-2907
Telephone:      (415) 512-4000
Facsimile:      (415) 512-4077

*Attorneys for Defendant Facebook, Inc.*

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the other signatory above.

Dated: March 24, 2017                              By: _/s/ Jahan C. Sagafi_____
                                                                     Jahan C. Sagafi

*Attorneys for Plaintiffs and Proposed Class Members*