UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VICTOR ONUOHA, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>FACEBOOK, INC.,<br><br>  Defendant. | Case No. 5:16-cv-06440-EJD<br><br>**ORDER STAYING DISCOVERY**<br><br>Re: Dkt. No. 33 |

Defendant Facebook, Inc. moves to stay discovery[1] pending resolution of its motion to dismiss. Facebook's motion will be GRANTED.

Plaintiffs allege that Facebook engages in discrimination because it "labels each user with a race or ethnicity" and "encourages advertisers to apply Facebook's race and ethnicity labels in targeting advertisements for employment, housing, and credit opportunities" on Facebook's ad network. Dkt. No. 33 at 1. Facebook has moved to dismiss all of Plaintiffs' claims because, among other reasons, it believes it is immune from liability under § 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1). Dkt. No. 34. § 230 "establish[es] broad 'federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service.' " Perfect 10, Inc. v. CCBill LLC, 488 F.3d 1102, 1118 (9th Cir. 2007). § 230 "must be interpreted to protect websites not merely from ultimate liability, but from having to fight costly and protracted legal battles." Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC, 521 F.3d 1157, 1175 (9th Cir. 2008); see also Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (holding that, in the qualified immunity context, "discovery should not be

---

[1] The parties submitted a joint letter on the issue of whether discovery should be stayed. Dkt. No. 33. The Court construes this letter as a motion to stay discovery.

1

Case No.: 5:16-cv-06440-EJD
ORDER STAYING DISCOVERY

1  allowed" until the "threshold immunity question is resolved").

2  The Ninth Circuit "has not announced a clear standard" for evaluating a motion to stay
3  discovery while a dispositive motion is pending. Mlejnecky v. Olympus Imaging Am., Inc., No.
4  2:10-cv-02630 JAM KJN, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011). However, many
5  federal courts in California have applied a two-part test: (1) will the motion dispose of the entire
6  case (or at least the issue at which discovery is aimed)? and (2) can the motion be decided without
7  further discovery? Id.; Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Res. Dev. Servs., Inc., No. C
8  10-01324 JF (PVT), 2010 WL 3746290, at *1 (N.D. Cal. Sept. 18, 2010); Hall v. Tilton, No. C 07-
9  3233 RMW (PR), 2010 WL 539679, at *2 (N.D. Cal. Feb. 9, 2010); Seven Springs Ltd. P'ship v.
10 Fox Capital Mgmt. Corp., Civ. No. S-07-0142 LKK GGH, 2007 WL 1146607, at *1–2 (E.D. Cal.
11 Apr. 18, 2007). In addition, district courts may exercise "wide discretion in controlling discovery."
12 Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988).

13 Here, both elements favor a stay. First, if Facebook prevails on its § 230 argument, all of
14 Plaintiffs' claims will be dismissed. Second, Facebook's motion to dismiss can be decided without
15 further discovery. Plaintiffs argue that they need additional discovery to "confirm" or "show with
16 greater specificity" that Facebook creates race and ethnicity labels for its users. Dkt. No. 33 at 3.
17 But Plaintiffs have explained these claims in thirty paragraphs of detailed factual allegations in
18 their first amended complaint (Dkt. No. 33, ¶¶ 29–59), which the Court must accept as true when
19 deciding Facebook's motion to dismiss (Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Plaintiffs
20 have not adequately explained where more facts are needed.

21 Accordingly, discovery is STAYED until the Court issues an order on Facebook's motion
22 to dismiss (Dkt. No. 34).

24 **IT IS SO ORDERED.**

25 Dated: April 7, 2017



EDWARD J. DAVILA
United States District Judge

2

Case No.: 5:16-cv-06440-EJD
ORDER STAYING DISCOVERY