ROSEMARIE T. RING (State Bar No. 220769)
rose.ring@mto.com
JONATHAN H. BLAVIN (State Bar No. 230269)
jonathan.blavin@mto.com
JOSHUA PATASHNIK (State Bar No. 295120)
josh.patashnik@mto.com
ELIZABETH A. KIM (State Bar No. 295277)
elizabeth.kim@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:   (415) 512-4000
Facsimile:    (415) 512-4077

Attorneys for Defendant Facebook, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUZANNE-JULIETTE MOBLEY, DANIEL ADRIAN MANRIQUEZ, VICTOR ONUOHA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FACEBOOK, INC., and DOES 1-9999,<br><br>Defendants. | Case No. 5:16-cv-06440-EJD<br><br>**DEFENDANT FACEBOOK, INC.'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Judge:   Hon. Edward J. Davila<br>Date:    None Set<br>Time:    None Set<br>Crtrm.:  4 |

## REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE

Plaintiffs do not dispute that Facebook's advertising policies expressly prohibit the sort of alleged discriminatory ad targeting at issue in this case, but they nonetheless spend five pages seeking to prevent this Court from taking judicial notice of those policies.  While Facebook's motion to dismiss can and should be granted in its entirety regardless of whether the Court takes judicial notice of these policies, Plaintiffs' arguments against the limited judicial notice Facebook seeks are meritless.

Plaintiffs first argue that judicial notice under the incorporation-by-reference doctrine is improper because the FAC does not "mention or cite these *specific policies* in any way." (Opposition to Request for Judicial Notice ("RJN Opp.") 3, emphasis added.)  While it is true that FAC does not reference these *specific policies*, Plaintiffs ignore the fact that the FAC cites and discusses numerous other webpages on Facebook's platform regarding advertising.  The Ninth Circuit has held that in this setting, where a plaintiff alleges facts regarding certain web page content, judicial notice of "surrounding web pages" on the same website but not attached to the complaint is proper, because "a reader must absorb" the attached material "in the context of the media in which it appears."  *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).  Plaintiffs cannot cherry pick the material on Facebook's site they believe is helpful to their case while shutting the Court's eyes to the (undisputed) surrounding context on the same site.

Regardless, the two policies at issue are judicially noticeable under Federal Rule of Evidence 201(b)(2), which allows the Court to take judicial notice of any fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  This is an independent basis for judicial notice apart from incorporation by reference.  *See, e.g.*, *Rupert v. Bond*, 68 F. Supp. 3d 1142, 1154 (N.D. Cal. 2014).  Courts regularly take judicial notice of company policies and other documents that "are available online" and thus whose existence is "capable of accurate and ready determination."  *Datel Holdings Ltd v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983-84 (N.D. Cal. 2010); *see also, e.g.*, *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1024 (N.D. Cal. 2014) ("Proper subjects of judicial notice when ruling on a motion to dismiss include … publicly accessible websites[.]").

1          Plaintiffs argue that the "authenticity" of these policies "is in question" because "it is
2   impossible for Plaintiffs to know whether these documents are authentic at any point before April 3,
3   2017." (RJN Opp. 4.) But Facebook seeks judicial notice only to establish what its *current* policies
4   are, a well-established purpose for taking judicial notice of web pages. Plaintiffs argue that these
5   policies cannot prove what Facebook "has 'always' done." (*Id.*) But that is irrelevant to the
6   question of whether Facebook's *current* policies are subject to judicial notice. Although Plaintiffs
7   do not allege that Facebook's policies formerly permitted discriminatory targeting (which they did
8   not), Facebook seeks judicial notice only of the current policies.

9          Finally, Plaintiffs argue that judicial notice is improper because the documents are
10  "irrelevant" to the motion to dismiss because "a formal policy asking others not to discriminate is
11  not relevant to whether the defendant itself discriminated." (RJN Opp. 4.) But Plaintiffs' entire
12  theory of liability hinges on making Facebook responsible for the conduct *of others*—i.e., third-
13  party advertisers. Whether Facebook has a formal policy prohibiting the very conduct of third-party
14  advertisers that Plaintiffs challenge is certainly *relevant* to, for example, the question of whether
15  Facebook intentionally discriminates against users on the basis of their race—particularly because
16  the FAC alleges no facts remotely suggesting any racial animus on Facebook's part. (Mot. 16-17;
17  Reply 11-12.) The case law Plaintiffs cite (RJN Opp. 4-5) says only that a formal policy is not
18  *conclusive* as to whether discrimination occurred, not that it is *irrelevant* to the question.

19          Plaintiffs also argue the policies are irrelevant because they may not have applied at all times
20  in the past. (RJN Opp. 5.) But Plaintiffs allege that unlawful conduct on Facebook's part is
21  ongoing, and expressly seek forward-looking injunctive relief. (FAC ¶ 63(f); *id.* p. 55.) The
22  policies surely are relevant, at a minimum, with respect to those allegations and that requested relief.
23  And, again, Plaintiffs nowhere allege that the policies were any different in the past.

24
25
26
27
28

| | | |
|---|---|---|
| 1 | DATED: June 8, 2017 | MUNGER, TOLLES & OLSON LLP |
| 2 | | ROSEMARIE T. RING |
| | | JONATHAN H. BLAVIN |
| 3 | | JOSHUA PATASHNIK |
| | | ELIZABETH A. KIM |

By:  */s/ Rosemarie T. Ring*
ROSEMARIE T. RING
Attorneys for Defendant Facebook, Inc.